IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES BARTLETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1595-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Charles Bartlett seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is affirmed.

**Background**

Plaintiff alleges that he is disabled due to a variety of ailments, including chronic obstructive pulmonary disease, gastroesophageal reflux disease, bone deterioration, and degenerative disc disease. *See* Administrative Record [Dkt. No. 11 ("Tr.")] at 17. After his applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on November 7, 2012. *See id.* at 188. At the time of the hearing, Plaintiff was fifty years old. *See id.* at 190. He has a high school equivalency diploma and past work experience as an oil field perforator and plywood builder. *See id.* at 192. Plaintiff has not engaged in substantial gainful activity since January 1, 2008. *See id.* at 12.

The ALJ determined Plaintiff's residual functional capacity ("RFC") as follows: "The claimant has the ability to stand and walk for six hours in an eight hour day ... [h]e can perform only occasional pushing, pulling, and reaching with the right side, with no overhead reaching on the right.... He cannot crawl, stoop, bend, or climb, use ropes, ladders, or scaffolds." *Id*. at 16. The ALJ also found that Plaintiff was to avoid extreme temperatures, wetness, humidity, vibrations, pulmonary irritants, workplace hazards, and hazardous machinery. *See id*.

At the hearing, ALJ posed a hypothetical question to the vocational expert ("VE") about whether an individual, with Plaintiff's demographic information and RFC, could perform jobs in the relevant economy. *See id*. at 204. The VE testified that an individual, with Plaintiff's demographics and RFC, could perform as a small product assembler, office helper, and account rental clerk. *See id*. at 204-05.

Relying on the VE's testimony, the ALJ found that Plaintiff was capable of working in other jobs that exist in significant numbers in the national economy. *See id*. at 22. Consequently, the ALJ determined that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. *See* Dkt. No. 1. Plaintiff challenges the hearing decision on two general grounds: (1) the ALJ relied on testimony that was inconsistent with the Dictionary of Occupational Titles ("DOT") and Selected Characteristics of Occupations ("SCO") and (2) the ALJ erroneously rejected Plaintiff's treating physician's opinion. *See* Dkt. No. 24.

The Court determines that the ALJ's hearing decision is affirmed in all respects.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo. See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*,

3

771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Copeland*, 771 F.3d at 923 ("The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act. The analysis is: First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit [her] physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant

must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested." (internal quotation marks omitted)); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1)

5

objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

**Analysis**

Inconsistencies with the DOT and SCO

Contrary to Plaintiff's argument, there is no inconsistency between the VE's testimony and the DOT and SCO. At the hearing, the ALJ presented the VE with a hypothetical as to a person who, among other things, should avoid stooping. *See* Tr. at 203-04. The VE testified that an individual with such limitations could perform a number of jobs at the light level existing in significant numbers in the national economy, such as a small product assembler, office helper, and account rental clerk.

6

*See id.* at 204-05. The ALJ asked the VE if her testimony was consistent with the DOT, and the VE affirmed that it was. *See id.* at 205. Plaintiff did not question the VE about her testimony or any conflict that these jobs posed to the ALJ's hypothetical limitations. *See id.* at 205. The ALJ, accepting the testimony of the VE, determined that Plaintiff could perform light and skill-level-2 jobs, such as a small product assembler, office worker, and rental clerk. *See id.* at 22.

Plaintiff now challenges the ALJ's finding, in part, because he alleges that the DOT and SCO descriptions of the furniture rental clerk and office helper jobs require occasional stooping but his RFC prohibits stooping. Dkt. No. 24 at 8. Plaintiff does not allege that the small product assembler job is inappropriate on the basis of any stooping requirement. *See* Dkt. No. 24 at 8. But he does allege that he should not be found capable of performing any of the jobs proffered by the VE because he needs an assistive ambulatory device, pursuant to his treating physician's opinion. As explained below, the ALJ did not err by disregarding the treating physician's opinion.

Under the Social Security Rulings, occupational evidence provided by a VE generally should be consistent with the occupational information supplied by the DOT and SCO.[1] *See* SSR 00-4p, 2000 WL 1898704 (S.S.A. Dec. 4, 2000). As part of the ALJ's duty to fully develop the record of the hearing, the ALJ must "inquire, on the record, as to whether or not there is such consistency." SSR 00-4p, 2000 WL

---

[1] The Parties disagree on whether SCO occupational information is relevant. *See* Dkt. No. 25 at 7; Dkt. No. 26 at 2. The Court finds that this disagreement is a nonissue because both the DOT and SCO state that a furniture rental clerk and office helper may involve occasional stooping. *See* Dkt. No. 26 at 3. The Court will refer to the DOT and SCO interchangeably.

1898704, at *2. Though the DOT lists the maximum requirements of an occupation, a VE's testimony is not required to do so. *See* SSR 00-4p, 2000 WL 1898704; *see also Jones v. Chater*, 72 F.3d 81, 82 (8th Cir. 1995). A VE may testify about the "range of requirements of a particular job as it is performed in specific settings," and in that way "provide more specific information about jobs or occupations than the DOT." SSR 00-4p, 2000 WL 1898704; *see also Jones,* 72 F.3d at 82.

  A direct conflict may arise when the VE's testimony regarding the exertion or skill level of a particular job is facially different than that indicated in the DOT or when the VE's testimony creates a conflict between the ALJ's RFC determination and the description of the jobs in the DOT. *See Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). When there is a direct and obvious conflict between a VE's evidence and the DOT, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE's evidence to support a determination of disability. *Jones,* 72 F.3d at 82. When a "direct and obvious" conflict exists between the VE's testimony and the DOT and the ALJ fails to explain or resolve the conflict, the testimony is "so lessened that reversal and remand for lack of substantial evidence usually follows." *Carey*, 230 F.3d at 146; *see also Gaspard v. Soc. Sec. Admin., Comm'r*, 609 F. Supp. 2d 607, 613 (E.D. Tex. 2009). But, when the conflict is implied or indirect, and it did not undergo adversarial cross-examination at the hearing, the ALJ may rely on the VE's testimony without resolving the later-proposed conflict so long as the record reflects an adequate basis for doing so. *See Gaspard*, 609 F. Supp. 2d at 613 (citing *Carey*, 230 F.3d at 146).

  There is no direct conflict between the VE's testimony and the DOT or the Plaintiff's RFC. The DOT descriptions indicate that stooping is not a significant

8

part of the furniture rental clerk and office helper jobs – only an occasional occurrence. *See* Dkt. No. 24 at 8 ("According to the SCO, the furniture rental clerk job requires occasional stooping"); *see* DICTIONARY OF OCCUPATIONAL TITLES §§ 239.567-010, 295.357.018. There is no direct conflict when an activity prohibited in an RFC is an insignificant part of the job. *See Golas v. Colvin*, 3:13-CV-4110-BN, 2014 WL 2587633, at *9 (N.D. Tex. June 10, 2014). Because stooping is not a significant occurrence, there is no evidence that all furniture rental clerks and office helpers must stoop or that individuals that cannot stoop are precluded from these careers. Further, the VE specifically limited her opinion to reflect the stooping restriction in the ALJ's hypothetical and testified that someone could perform these jobs without stooping. *See Jones,* 72 F.3d at 82 (VE's testimony may incorporate greater job limitations than espoused in the DOT and SCO).

Also, the VE testified that a person with Plaintiff's RFC could perform as an account rental clerk, in general, not only a furniture rental clerk. *See* Tr. at 22, 205 (VE testified that a hypothetical person with Plaintiff's RFC could obtain a job as an "[a]ccount rental clerks, such as a furniture rental clerk."). Stooping is not a requirement – significant or otherwise – for other account rental clerk jobs. *See* DICTIONARY OF OCCUPATIONAL TITLES §295.357-014 (tool and equipment clerk), §295.367-014 (baby-stroller and wheelchair rental clerk), §295.367-018 (film rental clerk), §295.467-010 (bicycle rental clerk). Consequently, the VE's testimony that someone – like Plaintiff – who is prohibited from stooping could perform the requirements of an account rental clerk does not conflict with the DOT.

To the extent that there is any implied or indirect conflict, the ALJ may rely on the VE's testimony if it did not undergo adversarial cross-examination at the hearing and the record reflects an adequate basis for doing so. *See Gaspard*, 609 F. Supp. 2d at 613. At the hearing, Plaintiff's attorney did not question the VE as to any issue related to the purported conflict now before the Court. *See* Tr. at 205. In these circumstances, Plaintiff cannot challenge in this Court any implied conflict that he failed to raise at the hearing. Also, the ALJ has a basis for relying on VE's testimony because she affirmed, on the record, that it was consistent with the DOT and the ALJ's hypothetical. *See* SSR 00-4p, 2000 WL 1898704, at *2.

Accordingly, the Court finds that there was substantial evidence to support the ALJ's reliance on the VE's testimony when he determined that Plaintiff retains the ability to perform light, unskilled work such as an office worker or account rental clerk.

<u>Rejection of Treating Physician's Opinion</u>

Plaintiff also contends that the ALJ wrongfully disregarded his treating physician's opinion about his need for a cane. *See* Dkt. No. 24 at 9-17. Plaintiff argues that the ALJ was required to expressly incorporate this need into his RFC assessment and include it in the hypothetical question posed to the VE. Plaintiff further argues that his need for a cane precludes him from performing any job that requires reaching, including the jobs that the VE identified.

While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion" and when good cause is shown, the ALJ must consider specific "factors before declining to give any weight to the opinions of

the claimant's treating specialist." *Newton v. Apfel*, 209 F.3d 448, 455-456 (5th Cir. 2000) (internal quotations omitted). Specifically, the ALJ must consider:

> (1) the physician's length of treatment of the claimant;
> (2) the physician's frequency of examination;
> (3) the nature and extent of the treatment relationship;
> (4) the support of the physician's opinion afforded by the medical evidence of record;
> (5) the consistency of the opinion with the record as a whole; and
> (6) the specialization of the treating physician.

20 C.F.R. § 404.1527(c)(2); *see also Newton*, 209 F.3d at 456. But, in decisions construing *Newton*, the Fifth Circuit has explained that "[t]he *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009). Therefore, where there are competing opinions of examining physicians, the ALJ need not necessarily set forth his analysis of the Section 404.1527(c) factors when declining to give controlling weight to a treating physician. *See id.* at 466-67.

In this case, Plaintiff's treating physician, Dr. Jinsong Zhang, opined that Plaintiff needed a cane for ambulation. *See* Tr. at 19, 815. Plaintiff was also examined by Dr. Mahmood Panjwani, the consultative examiner, on November 26, 2011. Dr. Panjwani found that Plaintiff had a full range of motion of all joints which obviates the need for a cane. *See id.* at 739. The reports from Drs. Patty Rowley and James Wright, state agency medical consultants, were consistent with Dr. Panjwani's finding. *See id.* at 20.

The ALJ rejected Dr. Zhang's opinion that Plaintiff needed a cane because it was "not supported by any of the objective medical findings located in the record. Specifically, it [was] directly contradicted by [Dr. Panjwani's] findings of a full

11

range of motion of all joints at the consultative examination." *Id*. at 19. In this way, Dr. Zhang's opinion failed to comport with the fourth (supported by medical evidence on record) and fifth (consistency with record) Section 404.1527(c)(2) factors. Because Drs. Zhang and Panjwani had competing opinions about Plaintiff's need for a cane, the ALJ was free to reject Zhang's opinion in favor of Panjwani's without undergoing an analysis of the other four Section 404.1527(c)(2) factors. *See Newton*, 209 F.3d at 458; *Qualls*, 339 F. App'x at 466-467.

Further, the ALJ did not commit reversible error by not including Plaintiff's need for a cane in his hypothetical question to the VE. The ALJ is only obligated to reasonably incorporate in his hypothetical all of Plaintiff's disabilities that he recognized. *See Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001)*; see Gipson v. Astrue*, No. 3:10-cv-1413-BK, 2011 WL 540299, at *6-*7 (N.D. Tex. Feb. 11, 2011) ("Because the ALJ posed a hypothetical question that reasonably incorporated the disabilities she found Plaintiff had, the ALJ's finding that Plaintiff could perform other jobs in the national economy was supported by substantial evidence."). The ALJ did not recognize Plaintiff's alleged need for a cane because it was unsupported by the entirety of the medical record. *See* Tr. at 19. Because the ALJ posed a hypothetical question that reasonably incorporated the disabilities that he found Plaintiff had, his finding that Plaintiff could perform jobs that would be difficult to perform with a cane was supported by substantial evidence. *See Gipson*, 2011 WL 540299, at *7 (citing *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir.1994)).

## Conclusion

For the reasons stated above, the hearing decision is affirmed in all respects.

SO ORDERED.

DATED: July 2, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

13